Baz SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2048–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

Baz Singh, Jamaica, New York, for Petitioner, pro se.

G.F. Peterman, III, Acting United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

258

DECREED that the petition for review is DENIED.

Baz Singh, *pro se*, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Singh's petition for review is timely only with respect to his motion to reopen; hence, we are unable to reach the merits of his asylum and withholding of removal claims. *Id.* at 90.

The BIA did not abuse its discretion in determining that Singh failed to present material evidence justifying the reopening of his case. Although Singh submitted an affidavit indicating that the police were still searching for him in India, he did not provide any information from family members who apparently had contact with the police. Moreover, the affidavit indicates that the police threatened to harm Singh's family if they did not "produce" Singh, but it does not indicate why the police were searching for him. Singh also did not produce any evidence of country conditions or any other evidence suggesting what would happen to him if the police were to arrest him upon his return to India. Accordingly, the BIA did not abuse its discretion in denying his motion for failing to produce sufficient, material evidence.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).